**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4201

GEORGE WINFRED WOODSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-96-102)

Submitted: January 20, 1998

Decided: February 6, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nelson Bickley, Jr., BICKLEY & JACOBS, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Philip
H. Wright, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George W. Woodson pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C.§ 841(a)(1) (1994); and aiding and abetting, in violation of 18 U.S.C. § 2 (1994). In accordance with a plea agreement, the prosecutor dismissed a charge of carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1997). Woodson was sentenced to 151 months imprisonment, to be followed by eight years supervised release. Woodson appeals the conviction and sentence. Finding no error, we affirm.

Woodson's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his view there are no meritorious issues for appeal. However, counsel does raise issues concerning the district court's factual findings in the relevant conduct hearing preceding sentencing. This court reviews the sentencing court's factual determination of the amount of controlled substances attributable to a defendant pursuant to U.S. Sentencing Commission, Guidelines Manual, § 1B1.3 (Nov. 1995), on a clearly erroneous standard of review, with due deference to the court's application of the guidelines to the facts. 18 U.S.C.A. § 3742(e) (West Supp. 1997); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). The district court fully articulated its reasons for crediting the testimony of the witness, Samples, over that of Woodson, as to the quantity of drugs at issue. We conclude the findings are not clearly erroneous; thus, the sentence imposed based on those amounts is affirmed.

Woodson was informed of his right to file a pro se supplemental brief in light of his counsel's reliance on Anders. Woodson has filed a lengthy supplemental brief with exhibits, and we have carefully examined the issues raised therein. Several of the claims are foreclosed by Woodson's guilty plea, which we find to have been volun-

2

tarily and knowingly entered. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). We decline to find that the factors set forth by Woodson constitute unconstitutional coercion by the prosecutor and Woodson's counsel. The Government complied with the written plea agreement which, as Woodson testified before the district court, constituted the entire agreement between the parties. Woodson's claim of ineffective assistance of counsel is not properly raised on direct appeal, but should be pursued under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991).

Woodson claims on appeal that the district court erred in enhancing his sentence for use of a firearm, arguing that there was no relationship between the guns and the crime. Although no objection was made below on this point, we find that the record adequately establishes the necessary relationship between the weapons and the offense. Woodson's assertion that he did not have an opportunity to review the presentence report is belied by the record. Finally, Woodson claims that the district court failed to comply with Fed. R. Crim. P. 32(c)(3)(C), by failing to ensure that Woodson knew the meaning of "mitigation." The district court did ask Woodson whether he had "anything to say in your own behalf, whether by way of mitigation of punishment or otherwise." Woodson responded at considerable length, in fact arguing in mitigation, whether he knew the specific meaning of the word or not. Therefore, this claim is without merit.

We affirm Woodson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>